1   K&L GATES LLP
    10100 Santa Monica Blvd., 7th Floor
2   Los Angeles, CA 90067
    Telephone: (310) 552-5000
3   Facsimile: (310) 552-5001
    Seth A. Gold (SBN 163220)
4   *seth.gold@klgates.com*
    Cyrus S. Naim (SBN 240119)
5   *cyrus.naim@klgates.com*

6   Attorneys for Plaintiffs
    Avid Life Media, Inc. and Avid Dating
7   Life, Inc. dba Ashley Madison

8                  UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  AVID LIFE MEDIA, INC., an Ontario        Case No.  CV12-08602 TJK (FMOx)
    corporation, and AVID DATING LIFE,
12  INC., an Ontario corporation dba         **COMPLAINT FOR TRADE DRESS
    ASHLEY MADISON.                          INFRINGEMENT/FALSE**
13                                           **DESIGNATION OF ORIGIN,**
                                             **TRADE DRESS DILUTION,**
14              Plaintiffs,                  **COMMON LAW UNFAIR**
                                             **COMPETITION, STATUTORY**
15       vs.                                 **UNFAIR COMPETITION (CAL.**
                                             **BUS. & PROF. CODE § 17200)**
16  DIGISEC MEDIA AS dba
    www.victoriamilan.com, a Norway          **DEMAND FOR JURY TRIAL**
17  company; SIGURD VEDAL, an
    individual; and DOES 1 THROUGH 10,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

LA-498790 v1
**COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS**
**DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

Plaintiffs Avid Life Media, Inc. dba Ashley Madison and Avid Dating Life, Inc. (together, "Ashley Madison" or "Plaintiffs"), for their complaint against defendants Digisec Media AS, Sigurd Vedal, and Does 1 through 10 (together, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs operate a website dating service under the famous ASHLEY MADISION trademark at www.ashleymadison.com.  The Ashley Madison business, which has been in continuous operation since 2002 under the ASHLEY MADISON trademark, is designed to facilitate discreet adult relationships in an online environment with the possibility that the online relationship will mature into a physical meeting.  Ashley Madison targets, among others, consumers who reside in the United States and who desire to have a romantic relationship in the United States as well as outside the United States, including in the United Kingdom, where Ashley Madison formally launched its services in 2005.  Ashley Madison has spent millions of dollars designing its website, fine-tuning its business model, and advertising its services in the United States and around the world, in order to create brand awareness and a consumer base.

2.      In defiance of United States laws protecting the owners of intellectual property, Defendants have stolen the famous Ashley Madison trade dress and have been improperly trading off the goodwill created by Ashley Madison's substantial investment of time and money, as well as—among other things—confusing the consuming public with respect to whether there is an affiliation between Ashley Madison and Defendants.  By this civil action, Ashley Madison now seeks damages and injunctive relief for the Defendants' continuing infringement of trade dress, false designation of origin, trade dress dilution, and for Defendants' engaging in unfair competition.

COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE

**THE PARTIES**

3.     Plaintiff Avid Life Media, Inc. is a corporation organized and existing under the laws of Ontario, Canada and owns various companies that are in the business of operating online dating websites.

4.     Plaintiff Avid Dating Life, Inc. dba Ashley Madison is a corporation organized and existing under the laws of Ontario, Canada and is regularly engaged in the business of operating online dating websites, including www.ashleymadison.com.

5.     On information and belief, defendant Digisec Media AS ("Digisec") dba victoriamilan.com is a company formed under the laws of Norway, with a principal place of business located at Martin Linges vei 25, N-1364 Fornebu, NORWAY.  On information and belief, Digisec is the owner and/or licensed operator of a dating website located at the uniform resource locator www.victoriamilan.com.

6.     On information and belief, defendant Sigurd Vedal ("Vedal") is an individual residing at Ullern Allé 28, N-0381, Oslo, Norway.  On information and belief, Vedal is the Chief Executive Officer of Digisec and has had personal involvement in the conduct of Digisec as alleged herein.

7.     Ashley Madison is currently unaware of the identities of defendants Does 1-10 and therefore sues such defendants by fictitious pseudonyms.  Ashley Madison is informed and believes, and on that basis alleges, that discovery will reveal the true identities of those defendants and then will amend this Complaint to identify those defendants by name after such discovery.

8.     On information and belief, the actions alleged herein to have been undertaken by Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct, and/or were actions in which each defendant assisted, participated, or otherwise encouraged, and are actions for which each defendant is liable.  On information and belief, each defendant aided and abetted the actions of the Defendants set forth below;

in particular, each defendant had knowledge of those actions and provided assistance and benefitted from those actions, in whole or in part. Each defendant was the agent of the other Defendants, and in engaging in the conduct alleged herein, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other defendants.

## JURISDICTION AND VENUE

9.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and contains related California statutory and common law claims. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States and relating to trademarks. This Court has subject matter jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367, as those claims are part of the same case or controversy as the federal claims alleged herein.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

11.     This Court has personal jurisdiction over Defendants, who have directed tortious acts at Ashley Madison in this District, and have committed tortious acts that they knew or should have known would cause injury to Ashley Madison in this District.

12.     Defendants' contacts with this District are systematic and continuous. On information and belief, Defendants are targeting, among others, United States consumers, in order to drive those consumers to the www.victoriamilan.com internet website in order to augment their consumer base. Attached hereto as Exhibit A is a copy of a screen shot of the home page of Defendants' www.victoriamilan.com website display that reflects the Defendants' accommodation of and solicitation for transactions with consumers who reside in the United States.

13.     Upon information and belief, Defendants' website service is not a passive website, but rather is an interactive website where members subscribe, create personal

---

COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE

1   profiles, and can interact—including sending messages—to other members of

2   Defendants' website service.

3        14.    Defendants' www.victoriamilan.com website allows for residents of this

4   District to subscribe to Defendants' service, to create personal profiles, and to browse

5   the profiles of other members who reside in this District—ostensibly to facilitate those

6   members to engage in relationships.  In response to inquiries from consumers who visit

7   Defendants' website and wish to contact persons in this District for a relationship,

8   Defendants website displays the profiles, or portions of the profiles, of Defendants'

9   members who Defendants represent reside in this District.

10        15.    On information and belief, Defendants allow their members to pay for

11   Defendants' services offered through the www.victoriamilan.com website by making

12   payments using all major credit cards, Paypal, and other methods.  On information and

13   belief, consumers who reside in this District have made payments to Defendants for

14   services offered through Defendants' www.victoriamilan.com website.

## FACTUAL ALLEGATIONS

### Ashley Madison's Trademark(s) and Trade Dress

17        16.    Avid Dating Life, Inc. is the owner of a federal registration on the

18   ASHLEY MADISON service mark covering, *inter alia*, the field of "Computer

19   services, namely, on-line dating and matchmaking and social introduction services."

20   (The "Ashley Madison Service Mark.")  The Ashley Madison Service Mark is now

21   incontestable pursuant to 15 U.S.C. § 1065.  Attached hereto as Exhibit B is a true and

22   correct copy of a print out reflecting the status of the ASHLEY MADISON service

23   mark.

24        17.    Ashley Madison has also designed and developed and is the owner of a

25   unique and famous trade dress for the website located at the uniform resource locator

26   www.ashleymadison.com, which is the internet homepage for the Ashley Madison

27   dating service.  Attached hereto as Exhibit C is a true and correct copy of a print out

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1   reflecting the home page trade dress of www.ashleymadison.com.  (Referred to herein

2   as the "Trade Dress.")

3        18.    Ashley Madison's Trade Dress is non-functional.  Specifically, the choice

4   of the graphics, including the depiction of a woman with her finger near her sealed lips

5   is not set forth in a manner designed to achieve a particular utility.

6        19.    Ashley Madison's Trade Dress is inherently distinctive and has acquired

7   secondary meaning.  The website on which the Ashley Madison Trade Dress is

8   displayed averages approximately 7.9 million unique visitors per month and receives

9   approximately 92 million United States visitors each year.  The Ashley Madison

10  service has millions of members.

11       20.    Moreover, the Ashley Madison Service Mark and Trade Dress possess

12  substantial national brand recognition and awareness amongst the general public as a

13  result of Ashley Madison's extensive public relations and advertising efforts.  Such

14  efforts include but are not limited to the following: approximately $1 million (per year)

15  spent on advertising on Howard Stern's radio program, who on information and belief

16  has approximately 6 to 12 million weekly listeners; television commercial advertising

17  on the cable channel Comedy Central, which channel on information and belief

18  reaches approximately 90 million American homes; and advertising in Bloomberg

19  Business Week, which publication on information and belief has in excess of

20  1,000,000 in hard copy circulation in addition to its internet presence.  The Ashley

21  Madison Service also has received substantial unsolicited media attention, further

22  strengthening the Ashley Madison Service Mark and Trade Dress.  Such media

23  attention includes but is not limited to references to the Ashley Madison Service Mark

24  and Trade Dress on the Jay Leno Show, on the Conan, in USA Today, in Yahoo News,

25  on The View, on the Jim Rome radio show, in the New York Post, in the Washington

26  Post, and on CNN Headline News.

27       21.    As a result of these among other facts, a substantial segment of the

28  consuming public makes a mental association between Ashley Madison's Service

Mark and Trade Dress—including the photograph of a woman with her finger near her sealed lips—and the source of that service.

**Defendants' Wrongful Conduct Regarding Ashley Madison's Trade Dress**

22.     On information and belief, Defendants launched a website dating service that competes with the Ashley Madison service. On information and belief, Defendants engaged in a campaign to intentionally copy Ashley Madison's Trade Dress as well as to steal Ashley Madison's loyal customer base and potential customers.

23.     Defendants' website dating service is, or has been, available on the internet at the uniform resource locator www.victoriamilan.com.

24.     At all times relevant to the allegations herein, Defendants' www.victoriamilan.com website has offered substantially the same, if not exact, service offered by Ashley Madison.

25.     Defendants' began their website dating service to compete with Ashley Madison in Europe, in or around late 2010, 5 years after Ashley Madison had launched and established its presence in Europe. In or around spring, 2012, Defendants expanded their marketing to obtain United States consumers. Upon information and belief, in an effort to obtain Ashley Madison's customers and potential customers, Defendants' website at www.victoriamilan.com presented graphical displays which are confusingly similar to and thereby infringe Ashley Madison's famous Trade Dress. Attached hereto as Exhibit A is a copy of a screen shot of a web page that, on information and belief, Defendants were using at least as of October 2012 at the www.victoriamilan.com uniform resource locator.

**Ashley Madison's Efforts To Resolve The Matter**

26.     In or around January 2011, Ashley Madison contacted Defendants to indicate, among other things, that their homepage for the www.victoriamilan.com website was confusingly similar to the Ashley Madison website and to request that Defendants cease using such website. In response to Ashley Madison's

COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE

communication, Defendants indicated that they would be considering alterations to its website in a manner that impliedly would address Ashley Madison's concerns.

27.     In or around March 2011, Ashley Madison contacted Defendants again to reiterate its prior objection and to demand again that Defendants cease using a confusingly similar homepage for its www.victoriamilan.com website.  In that communication, Ashley Madison also noted that Defendants had expanded their confusingly similar marketing practices by using the Ashley Madison Trade Dress in at least one advertisement on youtube.com.

28.     On information and belief, Defendants changed the layout of their website, at least in part, addressing the objectionable use of images that infringed the Ashley Madison Trade Dress.  Nevertheless, in preparation for its expansion of business in the United States, Defendants have published a website again using the Ashley Madison Trade Dress.

29.     Further reflecting Defendants' intent to expand its online dating website throughout the United States, Defendant Digisec has filed an application for trademark registration in the United States Patent and Trademark Office under Application No. 79109849 in International Class Nos. 35, 38, 41, 42, and 45 and including in its description of services, among other things, "providing a website featuring a search function for identifying and connecting potential social and personal relationships" and "social networking services for persons interested in dating and forming relationships."

30.     On information and belief, Defendants have copied the Ashley Madison Trade Dress with a malicious and calculated intent to steal Ashley Madison's goodwill and customer base and intent to free ride on same, which have been the result of Ashley Madison's significant investment of time and money.

## FIRST CAUSE OF ACTION

(For Federal Trade Dress Infringement/False Designation of Origin and Unfair

Competition under 15 U.S.C. § 1125(a)

Against All Defendants)

COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE

31.     Ashley Madison hereby incorporates by reference as though fully set forth herein, paragraphs 1- 30, inclusive.

32.     Ashley Madison is the owner of the unique and famous Trade Dress for the website located at the uniform resource locator www.ashleymadison.com, which is the internet homepage for the Ashley Madison dating service.  Attached hereto as Exhibit C is a copy of a print out reflecting the home page trade dress of www.ashleymadison.com.

33.     Ashley Madison's Trade Dress is non-functional.  Specifically, the choice of the graphics—including the photograph of a woman with her finger near her sealed lips, are not set forth in a manner designed to achieve utility.

34.     Ashley Madison's Trade Dress is inherently distinctive and has acquired secondary meaning.  A substantial segment of the consuming public make a mental association between Ashley Madison's Trade Dress—including the photograph of a woman with her finger near her sealed lips—and the source of that service.  A substantial segment of the consuming public makes a mental association with the "look and feel" of Ashley Madison's Trade Dress and the source of the services offered by the Ashley Madison website.

35.     Upon information and belief, Defendants, and each of them, exercise joint control over the website located at www.victoriamilan.com, have acted in concert and participated in the decision to use, and have induced, cooperated, lent aid, and encouraged the reproduction, copying, and imitation of Ashley Madison's Trade Dress in the www.victoriamilan.com website, as shown in (among others) the website page depicted in Exhibit A, attached hereto, which on information and belief target Ashley Madison's customers and potential customers.  Defendants' www.victoriamilan.com website, and Defendants' copying of Ashley Madison's Trade Dress, result in a likelihood of consumer confusion with respect to whether the source of the services offered by Defendants' websites are affiliated with the source of the services offered by the Ashley Madison website and associated Trade Dress.  Defendants obtain a

**COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1   financial benefit as a result of such confusion.  In addition, such action constitutes use

2   in commerce of certain words, names, and false designations of origin in connection

3   with the sale and advertising of unauthorized goods and services, which create a

4   likelihood of confusion, mistake, or deception as to the affiliation, connection, or

5   association of Defendants with Ashley Madison, or as to the origin, sponsorship, or

6   approval of Defendants' www.victoriamilan.com website with those of Ashley

7   Madison.  Defendants' conduct is likely to induce consumers to believe, contrary to

8   fact, that Defendants' www.victoriamilan.com website is sponsored, endorsed,

9   approved by, or connected with Ashley Madison.

10      36.     Defendants' use of Ashley Madison's Trade Dress was done without

11   Ashley Madison's consent or permission, and with the intent to cause confusion and

12   mistake as well as to deceive.  In fact, Ashley Madison has specifically demanded that

13   Defendants cease and desist using the Ashley Madison Trade Dress.  As a result,

14   Defendants have committed their infringement and false designation of origin with full

15   knowledge of Ashley Madison's rights in the Ashley Madison Trade Dress.  Thus,

16   Defendants have willfully, deliberately, and maliciously engaged in the described acts

17   with the intent to compete unfairly with Ashley Madison and to deceive the public.

18   Defendants have received a financial benefit as a result of their conduct.

19      37.     Defendants' use of Ashley Madison's Trade Dress constitutes trade dress

20   infringement, false designation of origin, and unfair competition in violation of 15

21   U.S.C. § 1125(a).  Upon information and belief, Defendants, and each of them, have

22   profited from this activity and have declined to exercise their rights to stop it.  Such

23   actions constitute deliberate and willful violations of Section 43(a) of the Lanham Act,

24   15 U.S.C. § 1125(a), and the common law.

25      38.     Defendants' infringement of, and false designation of origin with respect

26   to, Ashley Madison's Trade Dress has caused Ashley Madison injury and damages.

27      39.     Ashley Madison has been damaged by Defendants' infringement of

28   Ashley Madison's Trade Dress and false designation of origin and, if Defendants are

1  not restrained, then Ashley Madison will suffer further damage by Defendants'

2  conduct, including but not limited to an impairment of the value of the goodwill

3  associated with Ashley Madison's Trade Dress.

4       40.    This is an exceptional case under 15 U.S.C. § 1117.

5       41.    Defendants' conduct has caused damage to Ashley Madison in an amount

6  to be determined at trial, and unless restrained, will continue to seriously and

7  irreparably impair further the value of the Ashley Madison Trade Dress, for which

8  there is no adequate remedy at law.

9       42.    In light of the foregoing, Ashley Madison is entitled to injunctive relief

10  prohibiting Defendants from using the Ashley Madison Trade Dress, or any trade dress

11  confusingly similar to the Ashley Madison Trade Dress, for any purpose, and to

12  recover from Defendants all damages, including attorneys' fees, that Ashley Madison

13  has sustained and will sustain as a result thereof, in an amount not yet known, but

14  which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the

15  costs of this action.

16  **SECOND CAUSE OF ACTION**

17  (Federal Trade Dress Dilution under 15 U.S.C. § 1125(c))

18  (Against all Defendants)

19       43.    Ashley Madison hereby incorporates by reference as though fully set forth

20  herein, paragraphs 1- 42, inclusive.

21       44.    The Ashley Madison Trade Dress is "famous" within the meaning of the

22  Lanham Act and is distinctive by virtue of its inherent and acquired distinctiveness, its

23  extensive use, its prominence in intended and unsolicited media attention, and its

24  publicity.  As a result of the substantial inherent and acquired distinctiveness and

25  widespread use, Ashley Madison's Trade Dress is strong and has become widely

26  respected as a symbol for the service it represents.

27       45.    Upon information and belief, Defendants, and each of them, exercise joint

28  control over the website located at www.victoriamilan.com and, have acted in concert

1   and participated in the decision to use, and have induced, cooperated, lent aid, and

2   encouraged the use of the Ashley Madison Trade Dress, as alleged above, after the

3   Ashley Madison Trade Dress became famous.

4         46.    Defendants' conduct is without Ashley Madison's permission or

5   authority.  Defendants engaged in such conduct knowingly, deliberately, and willfully

6   with the intent to trade on Ashley Madison's reputation, fame, and goodwill and to

7   dilute the Ashley Madison Trade Dress.

8         47.    Defendants' unauthorized use of the Ashley Madison Trade Dress in

9   connection with and to identify their www.victoriamilan.com website is likely to injure

10   Ashley Madison.  Defendants' conduct has diluted and is likely to continue to dilute

11   the Ashley Madison Trade Dress through blurring and tarnishment in violation of 15

12   U.S.C. § 1125(c).  Upon information and belief, Defendants, and each of them, have

13   profited from this activity and have declined to exercise their rights to stop it.

14         48.    Defendants' unauthorized use of the Ashley Madison Trade Dress in

15   connection with and to identify their www.victoriamilan.com website is likely to cause

16   confusion , mistake, or deception as to the affiliation, connection, or association of

17   Defendants with Ashley Madison, or as to the origin, sponsorship, or approval of

18   Defendants' www.victoriamilan.com website with those of Ashley Madison.

19         49.    This is an exceptional case under 15 U.S.C. § 1117(a).

20         50.    Defendants' conduct has caused damage to Ashley Madison in an amount

21   to be determined at trial, and unless restrained, will continue to seriously and

22   irreparably impair further the value of the Ashley Madison Trade Dress, for which

23   there is no adequate remedy at law.

24         51.    In light of the foregoing, Ashley Madison is entitled to injunctive relief

25   prohibiting Defendants from using the Ashley Madison Trade Dress or any mark or

26   trade dress confusingly similar to the Ashley Madison Trade Dress for any purpose,

27   and to recover from Defendants all damages, including attorneys' fees, that Ashley

28   Madison has sustained and will sustain as a result thereof, in an amount not yet known,

1    but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the

2    costs of this action.

## THIRD CAUSE OF ACTION

(Common Law Unfair Competition)

(Against all Defendants)

6        52.    Ashley Madison hereby incorporates by reference as though fully set forth

7    herein, paragraphs 1- 51, inclusive.

8        53.    Upon information and belief, Defendants, and each of them, exercise joint

9    control over the website located at www.victoriamilan.com and, have acted in concert

10   and participated in the decision to use, and have induced, cooperated, lent aid, and

11   encouraged the use of the Ashley Madison Trade Dress as alleged above.  Defendants'

12   conduct alleged herein constitutes use of colorable imitations of the Ashley Madison

13   Trade Dress in connection with the advertising or sale of unauthorized services in

14   commerce.  These activities create a likelihood of confusion, mistake, or deception as

15   to the affiliation, connection, or association of Defendants with Ashley Madison, or as

16   to the origin, sponsorship, or approval of Defendants' services by Ashley Madison.

17   Defendants' conduct is likely to induce consumers to believe, contrary to fact, that

18   Defendants' www.victoriamilan.com website is sponsored, endorsed, approved by, or

19   connected with Ashley Madison.

20       54.    Defendants' conduct is willful, deliberate, and intended to confuse the

21   public and injure Ashley Madison; further, Defendants' conduct is oppressive and

22   malicious in that it is intended to injure Ashley Madison and is carried on by

23   Defendants with a willful and conscious disregard of the rights of others.

24       55.    Defendants' conduct constitutes unfair competition under California

25   common law.

26       56.    Defendants' conduct has caused damage to Ashley Madison in an amount

27   to be determined at trial, and unless restrained, will continue to seriously and

28   irreparably impair further the value of the Ashley Madison Trade Dress, for which

1   there is no adequate remedy at law.  Upon information and belief, Defendants, and

2   each of them, have profited from this activity and have declined to exercise their rights

3   to stop it.

4        57.    In light of the foregoing, Ashley Madison is entitled to injunctive relief

5   prohibiting Defendants from using the Ashley Madison Trade Dress or any mark

6   confusingly similar to the Ashley Madison Trade Dress for any purpose, and to recover

7   from Defendants all damages, including attorneys' fees, that Ashley Madison has

8   sustained and will sustain as a result thereof, as well as the costs of this action.

9                       **FOURTH CAUSE OF ACTION**

10          (For Unfair Competition under Cal. Bus. & Prof. Code § 17200

11                     Against all Defendants)

12       58.    Ashley Madison hereby incorporates by reference as though fully set forth

13  herein, paragraphs 1- 57, inclusive.

14       59.    Defendants' conduct alleged herein constitutes trade dress infringement

15  and false designation of origin and dilution under 15 U.S.C. § 1051 *et seq.*

16  Defendants' conduct thus constitutes willful and deliberate unfair competition in

17  wanton disregard of Ashley Madison's valuable intellectual property rights.  Upon

18  information and belief, Defendants, and each of them, have profited from this

19  infringement and have declined to exercise their rights to stop such infringement.

20       60.    Defendants' conduct has directly and proximately caused and will

21  continue to cause Ashley Madison substantial and irreparable injury, including

22  customer confusion, injury to their reputation and diminution in value of their

23  intellectual property and unless restrained, will continue to seriously and irreparably

24  impair further the value of the Ashley Madison Trade Dress, for which there is no

25  adequate remedy at law.

26       61.    In light of the foregoing, Ashley Madison is entitled to an injunction

27  under Cal. Bus. & Prof. Code § 17200 *et seq.* restraining Defendants from engaging in

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

1  further such unlawful conduct, as well as to restitution of those amounts unlawfully

2  obtained by Defendants through their wrongful conduct.

3  **PRAYER FOR RELIEF**

4      WHEREFORE, Ashley Madison requests that judgment be entered in its favor

5  and against Defendants as follows:

6  1.   For a preliminary and permanent injunction:

7      (a)   Pursuant to 15 U.S.C. §§ 1116, 1125 enjoining and restraining Defendants

8  and their agents, affiliates, employees, and all persons in active concert or participation

9  with them, from directly or indirectly using the Ashley Madison Trade Dress, or any

10 trade dress confusingly similar to the Ashley Madison Trade Dress, or any other trade

11 dress or designation that infringes the Ashley Madison Trade Dress in any manner;

12     (b)   Pursuant to 15 U.S.C. §§ 1118, 1125 ordering that all labels, signs, prints,

13 business cards, stationery, packages, wrappers, receptacles, websites, promotional

14 materials, brochures, manuals, and advertisements displaying any graphics confusingly

15 similar to the Ashley Madison Trade Dress, or any other trade dress or designation that

16 infringes the Ashley Madison Trade Dress be delivered up and destroyed;

17 2.   Ordering Defendants to file with this Court and serve upon Ashley Madison

18 within 15 days after issuance of any injunction, a report in writing under oath setting

19 forth in detail the manner and form in which Defendants have complied with the

20 injunction;

21 3.   Ordering Defendants to account to Ashley Madison for any and all profits

22 derived by Defendants from the use of the Ashley Madison Trade Dress and for all

23 damages sustained by Ashley Madison by reason of Defendants' acts of infringement,

24 false designation of origin, and unfair competition complained of in this complaint,

25 and that such amounts be held in constructive trust for Ashley Madison;

26 4.   That the Court award Ashley Madison:

27     (a)   All profits derived by Defendants' wrongful acts complained of herein;

28

1     (b)    All damages sustained by reason of the wrongful acts complained of

2  herein, but in no event in an amount less than two-million dollars;

3     (c)    Treble the amount of actual damages suffered by Ashley Madison under

4  15 U.S.C. § 1117;

5     (d)    Restitution for Defendants' unfair business practices pursuant to Cal. Bus.

6  & Prof. Code § 17200 *et seq.*;

7     (e)    Punitive and exemplary damages against Defendants and in favor of

8  Ashley Madison in an amount sufficient to deter and punish Defendants for their

9  willful and wrongful acts;

10     (f)    Its costs incurred in this action;

11     (g)    Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

12     (h)    Pre-judgment and post-judgment interest; and

13     (i)    Such other and further relief as this Court deems just and proper.

14                K&L GATES LLP

15

16  Dated:  October 5, 2012        By:     Seth A. Gold

17                          Seth A. Gold

18                          seth.gold@klgates.com
                                  Cyrus S. Naim

19                          cyrus.naim@klgates.com

20                          Attorneys for Plaintiff
                                  Avid Life Media, Inc. and Avid Dating

21                          Life, Inc.

22

23

24

25

26

27

28

**COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE**

## **JURY DEMAND**

Plaintiffs Avid Life Media, Inc. and Avid Dating Life, Inc. hereby demand a jury trial for all issues triable by a jury.


K&L GATES LLP

Dated:  October 5, 2012                By:  _____
                                              Seth A. Gold
                                              seth.gold@klgates.com
                                              Cyrus S. Naim
                                              cyrus.naim@klgates.com

                                              Attorneys for Plaintiff
                                              Avid Life Media, Inc. and Avid Dating
                                              Life, Inc.

COMPLAINT FOR TRADE DRESS INFRINGEMENT/FALSE DESIGNATION OF ORIGIN, TRADE DRESS
DILUTION, AND UNFAIR COMPETION PURSUANT TO COMMON LAW AND STATUTE

# EXHIBIT A











**VICTORIAMILAN.com**
*Relive the Passion - Find your Affair*

ALREADY A MEMBER? SIGN IN NOW!    PASSWORD

LOGIN »

FORGOT YOUR PASSWORD?



## DISCREET DATING FOR MARRIED & ATTACHED

### RELIVE THE PASSION - JOIN US TODAY FOR FREE!

--- Select your relationship status ---

**Join FREE & Anonymously »**

✔ 100% Anonymous & Confidential
✔ Married men & women seeking a discreet affair
✔ Web flirt? Or affair? You set the Limits
✔ Real profiles, real people

Join Us   How it works   Blog   Press room   About us   Help   Terms of Service   Privacy Policy   Sitemap      VictoriaMilan USA   ▸















EXHIBIT B

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

## United States Patent and Trademark Office

Reg. No. 2,812,950
Registered Feb. 10, 2004

### SERVICE MARK
### PRINCIPAL REGISTER

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO
SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPU-TER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

United States Patent and Trademark Office

Reg. No. 2,812,950
Registered Feb. 10, 2004

### SERVICE MARK
### PRINCIPAL REGISTER

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO
SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

United States Patent and Trademark Office

Reg. No. 2,812,950
Registered Feb. 10, 2004

**SERVICE MARK**
**PRINCIPAL REGISTER**

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-

CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

United States Patent and Trademark Office

Reg. No. 2,812,950

Registered Feb. 10, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-

CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

Int. Cls.: 38 and 45

Prior U.S. Cls.: 100, 101 and 104

United States Patent and Trademark Office

Reg. No. 2,812,950
Registered Feb. 10, 2004

## SERVICE MARK
## PRINCIPAL REGISTER

## ASHLEY MADISON

THE ASHLEY MADISON AGENCY LIMITED (CANADA CORPORATION)
2300 YONGE STREET, P.O. BOX 2313, TORONTO SUITE 2103
ONTARIO, CANADA M4P 1E4

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPU-TER USERS AND VIA A GLOBAL COMPUTER NETWORK FACILITATED TELEPHONE CALLS CONCERNING EROTIC AND ADULT FANTASY, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

FOR: COMPUTER SERVICES, NAMELY, ON-LINE DATING AND MATCHMAKING AND SO-CIAL INTRODUCTION SERVICES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 1-21-2002; IN COMMERCE 1-21-2002.

PRIORITY CLAIMED UNDER SEC. 44(D) ON CANADA APPLICATION NO. 1146102, FILED 7-8-2002.

THE NAME "ASHLEY MADISON" DOES NOT IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-187,090, FILED 11-20-2002.

MICHELE SWAIN, EXAMINING ATTORNEY

EXHIBIT C











# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV12- 8602 JAK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

K&L Gates LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Tel: 310-552-5000 / Fax: 310-552-5001
Seth A. Gold (SBN 163220) seth.gold@klgates.com
Cyrus Naim (SBN 240119) cyrus.naim@klgates.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVID MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON<br><br>                    PLAINTIFF(S)<br><br>         v.<br><br>DIGISEC MEDIA AS dba www.victoriamilan.com, a Norway company; SIGURD VEDAL, an individual; and DOES 1 THROUGH 10<br><br>                    DEFENDANT(S). | CASE NUMBER<br><br>CV12-08602 TAC(PJOX)<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

       A lawsuit has been filed against you.

       Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Seth A. Gold_____, whose address is _10100 Santa Monica Blvd., 7th Floor, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

OCT - 5 2012

Clerk, U.S. District Court

Dated: _____

By: _____ **JULIE PRADO**
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON

**DEFENDANTS**
DIGISEC MEDIA AS dba www.victoriamilan.com, a Norway company; SIGURD VEDAL, an individual; and DOES 1 THROUGH 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Seth A. Gold, K&L Gates, LLP
10100 Santa Monica Blvd., 7th Floor, Los Angeles, California 90067
Tel: 310-552-5000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1125: Trade dress infringement, false designation of origin, unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **PETITIONS** | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-08602**

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ontario, Canada |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Norway |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 5, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |