1  Larry W. McFarland (Bar No. 129668)
   E-Mail: lmcfarland@kilpatricktownsend.com
2  Christopher T. Varas (Bar No. 257080)
   E-Mail: cvaras@kilpatricktownsend.com
3  KILPATRICK TOWNSEND & STOCKTON LLP
   9720 Wilshire Boulevard
4  Penthouse Suite
   Beverly Hills, California 90212
5  Telephone: (310) 248-3830
   Facsimile: (310) 860-0363
6
   Attorneys for Defendants
7  DIGISEC MEDIA AS and
   SIGURD VEDAL
8

9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
                     WESTERN DIVISION
12

13 | AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON, | Case No.: 12-08602 JAK (FMOx) |
|---|---|
| Plaintiffs, | **NOTICE OF RELATED CASE** |
| v. | |
| DIGISEC MEDIA AS dba www.victoriamilan.com, a Norway company; SIGURD VEDAL, an individual; and DOES 1 THROUGH 10, | |
| Defendants. | |

Pursuant to Local Rule 83-1.3.1, Defendants Digisec Media AS and Sigurd Vedal (collectively "Defendants") hereby give notice that the instant action appears to be related to <u>Avid Life Media Inc. et al. v. Marital Affair Ltd., et al.</u>, Civil Case No. 2:12-cv-07604-MMM-MAN (the "Related Case"), which was filed before the instant action and is currently pending before Judge Morrow.[1]

Local Rule 83-1.3.1 states that that cases are related if, among other things, they appear "(b) To call for determination of the same or substantially related or similar questions of law and fact . . . or (d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present."

It appears to Defendants that both subparagraphs (b) and (d) of the local rule are satisfied in this case because both the instant action and the Related Case involve the same alleged trade dress, namely "the depiction of a woman with her finger near her sealed lips" that appears on the website <ashleymadison.com>. (L.R. 83-1.3.1(d).) (*Compare, e.g.*, Docket Entry ("DE") 1, ¶¶ 17, 18; Exhibit C in the instant action *with* DE 1, ¶ 17, 18; Exhibit D in the Related Case.) True and correct copies of the alleged trade dress attached to the complaints in the two actions are reproduced below.

| **Alleged Trade Dress in the Instant Action:** | **Alleged Trade Dress in the Related Case** |
|---|---|
|  |  |

---

[1] The instant action is also related to <u>Digisec Ltd. v. Avid Life Media, Inc., et al.</u>, Civil Case No. 2:13-cv-01849-JAK-MAN for the reasons indicated in the civil cover sheet filed with the complaint in that action.

Insofar as the plaintiffs have asserted claims based on the same alleged trade dress in both the instant action and the Related Case, both cases call for determination of the same or substantially related or similar questions of law and fact, including without limitation whether the plaintiffs own and/or have standing to assert any rights in the alleged trade dress. (L.R. 83-1.3.1(b).) *See Art Attacks Ink, LLC v. MGA Entertainment Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009).

The cases also appear to call for determination of substantially related or similar questions of law and fact because the plaintiffs have alleged in both cases that an image of a woman putting her finger to her lips in connection with dating services catering to people who are married or attached is likely to cause confusion as to source. (*Compare* DE 1, Exhibit A in the instant action *with* DE 1, Exhibit A in the Related Case). Although the allegedly infringing images in the two cases are not identical, the bases for the plaintiffs' claims are substantially the same in each case, and will call for substantially similar legal and factual analysis if the Court needs to reach the question of likelihood of confusion. *See Aurora World, Inc. v. Ty Inc.*, 719 F.Supp.2d 1115, 1155 (C.D. Cal. 2009) (listing the elements of the *Sleekcraft* likelihood of confusion analysis in the trade dress context).

In accordance with the foregoing, counsel for Defendants believes that the instant action and the Related Case are related for purposes of Local Rule 83-1.3.1, and that both the instant action and by extension <u>Digisec Ltd. v. Avid Life Media, Inc., et al.</u>, Civil Case No. 2:13-cv-01849, qualify for related case transfer to Judge Morrow.

Dated: April 23, 2013          By:     /s/Christopher T. Varas
                                       CHRISTOPHER T. Varas
                                       KILPATRICK TOWNSEND &
                                       STOCKTON LLP
                                       Attorneys for Defendants
                                       Digisec Media AS and Sigurd Vedal

- 3 -
NOTICE OF RELATED CASE