1  K&L GATES LLP
   10100 Santa Monica Blvd., 7th Floor
2  Los Angeles, CA 90067
   Telephone: (310) 552-5000
3  Facsimile: (310) 552-5001
   Seth A. Gold (SBN 163220)
4  *seth.gold@klgates.com*
   Christina N. Goodrich (SBN 261722)
5  *christina.goodrich@klgates.com*

6  Attorneys for Plaintiffs
   Avid Life Media, Inc. and Avid Dating
7  Life, Inc. dba Ashley Madison

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | AVID LIFE MEDIA, INC., *et al.* | Case No. 12-CV-08602-JAK (FMOx)

12 |                                 | **RESPONSE TO DEFENDANTS'**
   |         Plaintiffs,             | **NOTICE OF RELATED CASE**
13 |    vs.                          |

14 | DIGISEC MEDIA AS dba
   | www.victoriamilan.com, *et al.*
15 |
   |         Defendants.
16

**RESPONSE TO DEFENDANTS' NOTICE OF RELATED CASE**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 83-1.3.1, Plaintiffs Avid Life Media, Inc. and Avid Dating Life, Inc. dba Ashley Madison ("Plaintiffs" or "Avid") submit this Response to Defendants Digisec Media AS's and Sigurd Vedal's (collectively, "Defendants") Notice of Related Case, which was filed on April 23, 2013. (Docket Entry ("DE") 14.)

Pursuant to Local Rule 83-1.3.1(d), where two actions are based upon the same trademark, they are related only if "one of the factors identified in a, b or c is present." Local Rule 83-1.3.1(d)(emphasis added). Defendants invoke Local Rule 83-1.3.1(d) because this action involves the same trade dress as alleged in the action styled *Avid Life Media, Inc., et al. v. Marital Affair Ltd., et al.*, Case No. 2:12-cv-07604-MMM-MANx ("Global Personals Action"), but have not established that one of the factors identified in a, b, or c is present.

Specifically, Defendants assert that the two actions will both require a determination of "substantially related or similar questions of law and fact" in support of finding the matters related under Local Rule 83-1.3.1(b). Nevertheless, the "substantially related or similar questions" that Defendants set forth to meet subsection (b) relate to the ownership of the trademark and likely confusion, which are the precise questions that always must be asked in every action where a trademark is at issue. If a litigant could meet the requirements of Local Rule 83-1.3.1(d) merely by repeating the precise issues raised in all trademark infringement actions—i.e., ownership of the mark and likely confusion, then that portion of subsection (d) requiring the existence of "one of the factors identified in a, b, or c" would be meaningless.

As it stands, the Global Personals Action involves the same trade dress at issue in this action, but the Global Personals Action also involves a trademark infringement claim as to Plaintiffs' Ashley Madison trademark. The Global Personals Action also involves distinct a factual scenario involving different defendants and may involve allegations of direct, as well as, secondary liability. Moreover, the plaintiffs in the

1  Global Personals Action recently filed a Motion for Leave to file a First Amended
2  Complaint to assert additional claims and join another Avid-related as a plaintiff and
3  another infringer as a defendant.
4      Despite Defendants' contentions to the contrary, the cases do not call for the
5  determination of the same or substantially related or similar questions of law or fact
6  beyond those that naturally result from the same trademark being at issue in litigation.
7  Thus, the actions are not related.

K&L GATES LLP

Dated:  April 29, 2013          By: /s/
                                    Seth A. Gold
                                    seth.gold@klgates.com
                                    Christina N. Goodrich
                                    christina.goodrich@klgates.com

                                    Attorneys for Plaintiffs
                                    Avid Life Media, Inc. and Avid Dating
                                    Life, Inc. dba Ashley Madison

2