1  RAINES FELDMAN LLP
   Miles J. Feldman (Bar No. 173383)
2       mfeldman@raineslaw.com
   Laith D. Mosely (Bar No. 250832)
3       lmosely@raineslaw.com
   Nicole L. Halle (Bar No. 261109)
4       nhalle@raineslaw.com
   9720 Wilshire Boulevard, 5th Floor
5  Beverly Hills, California 90212
   Telephone:  (310) 440-4100
6  Facsimile:  (310) 691-1943

7  Attorneys for Avid Life Media, Inc.,
   Avid Dating Life, Inc. dba Ashley Madison,
8  ALM Labs, Inc., Cougar Life Inc., and Noel Biderman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGISEC MEDIA AS dba www.victoriamilan.com, a Norway company; SIGURD VEDAL, an individual, and DOES 1 through 10,<br><br>Defendants | Case No. 12-cv-08602-JAK (FMOx)<br>[Lead Case]<br>[Consolidated with Case No.13-CV-01849-JAK (MANx)]<br><br>**AVID LIFE MEDIA, INC., AVID DATING LIFE, INC. AND COUGAR LIFE INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Assigned to John A. Kronstadt] |
| DIGISEC LIMITED, a Cyprus company,<br><br>Plaintiff,<br><br>vs.<br><br>AVID LIFE MEDIA, INC., an Ontario Corporation; AVID DATING LIFE, INC., an Ontario corporation; ALM LABS, INC., an Ontario corporation, COUGAR LIFE INC., an Ontario corporation, NOEL BIDERMAN, an individual, and DOES 1 through 10,<br><br>Defendants | |

AVID LIFE MEDIA, INC., AVID DATING LIFE, INC. AND COUGAR LIFE INC.'S
ANSWER TO COMPLAINT

Defendants, Avid Life Media, Inc., Avid Dating Life, Inc. and Cougar Life Inc. (collectively, "Defendants") respond to the Complaint of Plaintiff Digisec Limited ("Digisec" or "Plaintiff"), and aver, as follows. Except as expressly admitted, alleged, or averred, Defendants expressly deny each and every allegation of the Complaint.

## **DEFENDANTS' RESPONSE TO THE ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT**

### Nature of the Action

1.  In response to paragraph 1 of the Complaint, Defendants admit that the paragraph describes the purported claims contained in the complaint. Except as expressly admitted, Defendants deny all other allegations in paragraph 1.

### The Parties

2.  In response to paragraph 2, Defendants are without knowledge or information sufficient to respond to its allegations, and on that basis, deny each and every allegation contained therein.

3.  Defendants admit the allegations of paragraph 3.

4.  Defendants admit the allegations of paragraph 4.

5.  Defendants admit the allegations of paragraph 5.

6.  Defendants admit the allegations of paragraph 6.

7.  In response to paragraph 7, Defendants admit the first sentence. In response to the second sentence in paragraph 7, Defendants admit Noel Biderman is the founder of Avid Life Media, Inc. and deny the remaining allegations of the second sentence. In response to the third sentence in paragraph 7, Defendants admit Noel Biderman is the President of Avid Life Media, Inc., the President, an officer and a director of Avid Dating Life, Inc., the President, an officer and a director of ALM Labs Inc., and the President, an officer and a director of Cougar Life, Inc. Except as expressly admitted, Defendants deny all other allegations in paragraph 7.

1         8.     In response to paragraph 8, Defendants are without knowledge or information sufficient to respond to its allegations, and on that basis, deny each and every allegation contained therein.

       9.     In response to paragraph 9, Defendants admit that any acts or omissions for which Biderman is or may be responsible in his capacity as an officer of Defendants were within the course and scope of his employment, and to that extent Biderman is and was Defendants' agent. Defendants deny each and every remaining allegation contained therein.

Jurisdiction and Venue

      10.    In response to paragraph 10, Defendants admit that the paragraph describes the purported claims asserted in the complaint and avers that paragraph 10 does not contain any other allegations to which a response is required. Except as expressly admitted, Defendants deny all other allegations in paragraph 10.

      11.    In response to paragraph 11, Defendants deny the first sentence of that paragraph. In response to the second sentence of paragraph 11, Defendants admit that Avid Life Media, Inc. filed a lawsuit in this District and deny all other allegations. Defendants deny the third sentence of paragraph 11. Except as expressly admitted, Defendants deny all other allegations in paragraph 11.

      12.    In response to paragraph 12, Defendants deny the first sentence of that paragraph. In response to the second sentence of paragraph 12, Defendants admit that Avid Dating Life, Inc. filed a lawsuit in this District and deny all other allegations. Defendants deny the third sentence of paragraph 12. Except as expressly admitted, Defendants deny all other allegations in paragraph 12.

      13.    In response to paragraph 13, Defendants deny the first sentence of that paragraph. In response to the second sentence of paragraph 13, Defendants deny the second sentence of that paragraph. Defendants deny the third sentence of paragraph 13. Except as expressly admitted, Defendants deny all other allegations in said paragraph 13.

14. In response to paragraph 14, Defendants deny the first sentence of that paragraph. In response to the second sentence of paragraph 14, Defendants deny the second sentence of that paragraph. Defendants deny the third sentence of paragraph 14. Except as expressly admitted, Defendants deny all other allegations in said paragraph 14.

15. In response to paragraph 15, Defendants deny that the Court has personal jurisdiction over Noel Biderman. Defendants deny Plaintiff's allegations that Mr. Biderman exercises individual control over the Defendants identified above, and deny Mr. Biderman is the moving, active conscious force that caused all of the wrong acts alleged in the Complaint to occur, and Defendants deny Mr. Biderman personally directed and caused Avid Life Media, Inc. and Avid Dating Life, Inc. to initiate the related lawsuit *Avid Life Media, et al. v. Digisec Media AS, et al.*, Case No. 12-08602 JAK (FMOx) (hereinafter the "Related Actions") in this District. In response to paragraph 15, Defendants admit Mr. Biderman authorized counsel of Avid Life Media, Inc. and Avid Dating Life Inc. to file the lawsuit on Avid Life Media, Inc. and Avid Dating Life, Inc.'s behalf. Defendants admit that Mr. Biderman is President of Avid Life Media, Inc. and Defendants admit that Mr. Biderman is an officer and director of Avid Dating Life, Inc., ALM Labs, Inc. and Cougar Life Inc. Except as so admitted, Defendants deny all other allegations contained in said paragraph.

16. In response to paragraph 16, Defendants deny these allegations.

Factual Allegations

17. In response to paragraph 17, Defendants admit the first sentence. Defendants admit the Victoria Milan website contains the phrases VICTORIA MILAN and RELIVE YOUR PASSION- FIND YOUR AFFAIR. Except as expressly admitted, Defendants deny all other allegations contained in paragraph 17.

18. In response to paragraph 18, Defendants deny that "VICTORIA MILAN" is a distinctive mark. Defendants are without knowledge or information

sufficient to respond to the remaining allegations, and on that basis deny each and every remaining allegation contained therein.

19.   In response to paragraph 19, Defendants deny that RELIVE YOUR PASSION – FIND YOUR AFFAIR is a distinctive mark.  Defendants are without knowledge or information sufficient to respond to the remaining allegations, and on that basis deny each and every remaining allegation contained therein.

20.   In response to paragraph 20, Defendants deny each and every allegation contained therein.

21.   In response to paragraph 21, Defendants deny each and every allegation contained therein.

22.   In response to paragraph 22, Defendants admit that within the United States, Digisec offers its services through its VICTORIA MILAN website located at the Internet domain name <victorialmilan.us>, which can also be accessed within the United States from the domain name <victoriamilan.com>.  Defendants admit that in the remainder of the complaint, Plaintiff refers to the Web site at that domain name as the "VICTORIA MILAN Website."  Except as expressly admitted and alleged, Defendants deny each and every remaining allegation contained therein.

23.   In response to paragraph 23, Defendants admit the VICTORIA MILAN Website features both the phrases VICTORIA MILAN and RELIVE YOUR PASSION – FIND YOUR AFFAIR. Except as expressly admitted and alleged, Defendants deny all other allegations contained therein.

24.   In response to paragraph 24, Defendants deny each and every allegation contained therein.

25.   In response to paragraph 25, Defendants admit that the Internet domain names <victoriarnilan.com> and <victoriamilan.ca> were registered. Defendants are without knowledge or information sufficient to respond to the remaining allegations, and on that basis, deny each and every allegation contained therein.

26. In response to paragraph 26, Defendants deny each and every allegation contained therein.

27. In response to paragraph 27, Defendants deny each and every allegation contained therein.

28. In response to paragraph 28, Defendants deny each and every allegation contained therein.

29. In response to paragraph 29, Defendants deny the first and third sentences. Defendants are without knowledge or information sufficient to respond to the remaining allegations, and on that basis, deny each and every allegation contained therein.

30. In response to paragraph 30, Defendants deny each and every allegation contained therein.

31. In response to paragraph 31, Defendants deny each and every allegation contained therein.

32. In response to paragraph 32, Defendants admit that the domain name <victoriamilan.ca> was registered. Defendants deny all other allegations contained in said paragraph.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademark – 15 U.S.C. § 1114(1))**

**(Against All Defendants)**

33. In response to paragraph 33, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 32 above.

34. In response to paragraph 34, Defendants are without knowledge or information sufficient to respond to its allegations, and on that basis, deny each and every allegation contained therein

35. In response to paragraph 35, Defendants deny each and every allegation contained therein.

36. In response to paragraph 36, Defendants deny each and every allegation contained therein.

37. In response to paragraph 37, Defendants deny each and every allegation contained therein.

38. In response to paragraph 38, Defendants admit Digisec has not expressly authorized Defendants to use the phrase "VICTORIA MILAN." Defendants are without sufficient knowledge or information to respond to the allegation that "VICTORIA MILAN" is a registered mark and on that basis deny that allegation. Defendants deny all other allegations contained therein.

39. In response to paragraph 39, Defendants deny each and every allegation contained therein.

40. In response to paragraph 40, Defendants deny each and every allegation contained therein.

41. In response to paragraph 41, Defendants deny each and every allegation contained therein.

42. In response to paragraph 42, Defendants deny each and every allegation contained therein.

43. In response to paragraph 43, Defendants deny each and every allegation contained therein.

44. In response to paragraph 44, Defendants deny each and every allegation contained therein.

45. In response to paragraph 45, Defendants deny each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**(Trademark Infringement and Unfair Competition - 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

46. In response to paragraph 46, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 45 above.

47. In response to paragraph 47, Defendants deny each and every allegation contained in said paragraph.

48. In response to paragraph 48, Defendants deny each and every allegation contained therein.

49. In response to paragraph 49, Defendants deny each and every allegation contained therein.

50. In response to paragraph 50, Defendants deny each and every allegation contained therein.

51. In response to paragraph 51, Defendants admit Digisec has not expressly authorized Defendants to use the phrase "VICTORIA MILAN." Defendants deny all other allegations contained therein.

52. In response to paragraph 52, Defendants are without sufficient knowledge or information to respond to the allegations, and on that basis, deny each and every allegation contained therein.

53. In response to paragraph 53, Defendants are without sufficient knowledge or information to respond to the allegations, and on that basis, deny each and every allegation contained therein.

54. In response to paragraph 54, Defendants deny each and every allegation contained therein.

55. In response to paragraph 55, Defendants deny each and every allegation contained therein.

56. In response to paragraph 56, Defendants deny each and every allegation contained therein.

57. In response to paragraph 57, Defendants admit Digisec has not expressly authorized Defendants to use the phrase "RELIVE YOUR PASSION – FIND YOUR AFFAIR." Except as expressly admitted, Defendants deny each and every allegation contained therein.

58. In response to paragraph 58, Defendants deny each and every allegation contained therein.

59. In response to paragraph 59, Defendants deny each and every allegation contained therein.

60. In response to paragraph 60, Defendants deny each and every allegation contained therein.

61. In response to paragraph 61, Defendants deny each and every allegation contained therein.

62. In response to paragraph 62, Defendants deny each and every allegation contained therein.

63. In response to paragraph 63, Defendants deny each and every allegation contained therein.

64. In response to paragraph 64, Defendants deny each and every allegation contained therein.

## THIRD CAUSE OF ACTION

**(False Designation of Origin – 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

65. In response to paragraph 65, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 64 above.

66. In response to paragraph 66, Defendants deny each and every allegation contained therein.

67. In response to paragraph 67, Defendants deny each and every allegation contained therein.

68. In response to paragraph 68, Defendants deny each and every allegation contained therein.

69. In response to paragraph 69, Defendants deny each and every allegation contained therein.

70. In response to paragraph 70, Defendants deny each and every allegation contained therein.

71. In response to paragraph 71, Defendants deny each and every allegation contained therein.

72. In response to paragraph 72, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (Cyberpiracy – 15 U.S.C. § 1125(d))

### (Against All Defendants)

73. In response to paragraph 73, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 72 above.

74. In response to paragraph 74, Defendants deny each and every allegation contained therein.

75. In response to paragraph 75, Defendants deny each and every allegation contained therein.

76. In response to paragraph 76, Defendants deny each and every allegation contained therein.

77. In response to paragraph 77, Defendants deny each and every allegation contained therein.

78. In response to paragraph 78, Defendants deny each and every allegation contained therein.

79. In response to paragraph 79, Defendants deny each and every allegation contained therein.

80. In response to paragraph 80, Defendants deny each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

**(Copyright Infringement - 17 U.S.C. §§ 501, *et seq.*)**

**(Against All Defendants)**

81. In response to paragraph 81, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 80 above.

82. In response to paragraph 82, Defendants are without knowledge or information sufficient to respond to the allegations, and on that basis, deny each and every allegation contained therein.

83. In response to paragraph 83, Defendants are without knowledge or information sufficient to respond to the allegations, and on that basis, deny each and every allegation contained therein.

84. In response to paragraph 84, Defendants deny each and every allegation contained therein.

85. In response to paragraph 85, Defendants deny each and every allegation contained therein.

86. In response to paragraph 86, Defendants deny each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

**(Common Law Trademark Infringement and Unfair Competition)**

**(Against All Defendants)**

87. In response to paragraph 87, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 86 above.

88. In response to paragraph 88, Defendants deny each and every allegation contained therein.

89. In response to paragraph 89, Defendants deny each and every allegation contained therein.

90. In response to paragraph 90, Defendants deny each and every allegation contained therein.

91. In response to paragraph 91, Defendants deny each and every allegation contained therein.

92. In response to paragraph 92, Defendants deny each and every allegation contained therein.

93. In response to paragraph 93, Defendants deny each and every allegation contained therein.

94. In response to paragraph 94, Defendants deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

**(False Advertising - Cal. Bus. & Prof. Code §§ 17500, et, seq.)**

**(Against All Defendants)**

95. In response to paragraph 95, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 94 above.

96. In response to paragraph 96, Defendants deny each and every allegation contained therein.

97. In response to paragraph 97, Defendants deny each and every allegation contained therein.

98. In response to paragraph 98, Defendants deny each and every allegation contained therein.

99. In response to paragraph 99, Defendants deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

**(Against All Defendants)**

100. In response to paragraph 100, Defendants reallege and reincorporate herein by reference its responses to paragraphs 1 through 99 above.

101. In response to paragraph 101, Defendants deny each and every allegation contained therein.

-12-
AVID LIFE MEDIA, INC., AVID DATING LIFE, INC. AND COUGAR LIFE INC.'S
ANSWER TO COMPLAINT

102. In response to paragraph 102, Defendants deny each and every allegation contained therein.

103. In response to paragraph 103, Defendants deny each and every allegation contained therein.

104. In response to paragraph 104, Defendants deny each and every allegation contained therein.

105. In response to paragraph 105, Defendants deny each and every allegation contained therein.

## **DEFENDANTS' AFFIRMATIVE DEFENSES TO THE COMPLAINT**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

1. Plaintiff's Complaint, and each and every claim set forth therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

### **SECOND AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction)**

2. Plaintiff lacks personal jurisdiction over Defendants.

### **THIRD AFFIRMATIVE DEFENSE**

**(Improper Venue)**

3. Plaintiff has brought this action in an improper venue.

### **FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

4. Plaintiff has engaged in conduct and activities sufficient to constitute waiver and/or release of some or all claims that Plaintiff may have or may have had against Defendants arising from the transactions and occurrences set forth in the Complaint.

### **FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5. Plaintiff's claims are barred, in whole or in part, by estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

7. To the extent Defendants took any action or are subject to any liability, such action and liability is the direct result of negligent and/or improper acts by third parties, which parties are liable to Plaintiff and/or Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. The Complaint, and each and every claim therein, is barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Implied License)

9. Plaintiff's claims are barred or limited, in whole or in part, to the extent any user had an implied license with respect to the alleged registered domains.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

10. Defendants' alleged usage, if any, of the purported marks "Victoria Milan" and "Relive your passion-find your affair" in commerce was and is fair use of the terms.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

11. Defendants have not infringed, willfully or otherwise, directly or indirectly, on any valid copyright or trademark of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE
### (Likelihood of Confusion)

12.  There is no consumer confusion arising from Defendants' purported use of Plaintiff's trademarks.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Copyrightable Subject Matter)

13.  Defendants have not infringed on any alleged copyright because Plaintiff's alleged copyrights are not a copyrightable subject matter.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Protectable Trademark)

14.  Plaintiff's claims regarding its trademarks are barred because the claimed trademarks are not protectable.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Claim is Unconstitutional)

15.  Plaintiff's claim for punitive damages violates the United States and California Constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Asset Additional Defenses)

16.  Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional, as of yet unstated affirmative defenses. Thus, to the extent this Court may have jurisdiction herein, and subject to discovery in this action, Defendants expressly reserve their right to assert additional affirmative defenses.

//
//

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff be awarded nothing on its Complaint and that the same be dismissed with prejudice;

2. That judgment be entered in favor of Defendants;

3. That Defendants be awarded its costs and reasonable attorneys' fees; and

4. That the Court award such other relief as it deems just and proper.

Dated: October 10, 2013          RAINES FELDMAN LLP


By: */s/ Miles J. Feldman*
    MILES J. FELDMAN
    LAITH D. MOSELY
    NICOLE L. HALLE
Attorneys for Avid Life Media, Inc.,
Avid Dating Life, Inc. dba Ashley Madison,
ALM Labs, Inc., Cougar Life Inc., and Noel Biderman

-16-
AVID LIFE MEDIA, INC., AVID DATING LIFE, INC. AND COUGAR LIFE INC.'S
ANSWER TO COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rules 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendants hereby demand a jury trial.

Dated: October 10, 2013        RAINES FELDMAN LLP


                               By:   */s/ Miles J. Feldman*
                                     MILES J. FELDMAN
                                     LAITH D. MOSELY
                                     NICOLE L. HALLE
                               Attorneys for Avid Life Media, Inc.,
                               Avid Dating Life, Inc. dba Ashley Madison,
                               ALM Labs, Inc., Cougar Life Inc.,