RAINES FELDMAN LLP
Miles J. Feldman (Bar No. 173383)
  mfeldman@raineslaw.com
Laith D. Mosely (Bar No. 250832)
  lmosely@raineslaw.com
Nicole L. Halle (Bar No. 261109)
  nhalle@raineslaw.com
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for Avid Life Media, Inc.,
Avid Dating Life, Inc. dba Ashley Madison,
ALM Labs, Inc., Cougar Life Inc., and Noel Biderman

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AVID LIFE MEDIA, INC., an Ontario corporation, and AVID DATING LIFE, INC., an Ontario corporation dba ASHLEY MADISON,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGISEC MEDIA AS dba www.victoriamilan.com, a Norway company; SIGURD VEDAL, an individual, and DOES 1 through 10,<br><br>Defendants | Case No. 12-cv-08602-JAK (FMOx)<br>[Lead Case]<br>[Consolidated with Case No.13-CV-01849-JAK (MANx)]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; SUPPORTING DECLARATIONS OF NOEL BIDERMAN AND RIZWAN JIWAN ARE SUBMITTED HEREWITH** |
| DIGISEC LIMITED, a Cyprus company,<br><br>Plaintiff,<br><br>vs.<br><br>AVID LIFE MEDIA, INC., an Ontario Corporation; AVID DATING LIFE, INC., an Ontario corporation; ALM LABS, INC., an Ontario corporation, COUGAR LIFE INC., an Ontario corporation, NOEL BIDERMAN, an individual, and DOES 1 through 10,<br><br>Defendants | **DATE: DECEMBER 2, 2013**<br>**TIME: 8:30 a.m.**<br>**ROOM: 750**<br>[Assigned to John A. Kronstadt] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 2, 2013, at 8:30 a.m. or as soon thereafter as the Motion may be heard, in the courtroom of the Honorable John A. Kronstadt, located in Room 750 at 255 East Temple Street, Los Angeles, California, Defendants Noel Biderman, and ALM Labs, Inc. (collectively, the "Affiliates"), will and hereby do move the Court for an Order pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing the claim against them for lack of personal jurisdiction. This Motion is brought following a conference of counsel that occurred on October 1, 2013.

The Affiliates simply have no jurisdictionally significant contacts with the State of California, so personal jurisdiction against them is lacking. Plaintiff Digisec Ltd.'s ("Digisec") boilerplate allegations are insufficient, particularly in light of the Affiliates' denials, to meet its burden of demonstrating that personal jurisdiction is proper.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declarations of Noel Biderman and Rizwan Jiwan attached hereto, all pleadings and papers on file in this action, all matters of which the Court may take judicial notice, and such further evidence and argument as the Court may consider at the hearing on this Motion.

Dated: October 10, 2013         RAINES FELDMAN LLP

By: */s/ Miles J. Feldman*
MILES J. FELDMAN
LAITH D. MOSELY
NICOLE L. HALLE
Attorneys for Avid Life Media, Inc.,
Avid Dating Life, Inc. dba Ashley Madison,
ALM Labs, Inc., Cougar Life Inc., and Noel Biderman

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. FACTS .....................................................................................................................1

    A. The Burdens of Persuasion and Production ..........................................1

    B. Factual Discussion ................................................................................2

III. ANALYSIS ..............................................................................................................3

    A. Neither Defendant Is Subject to General Jurisdiction in California ..................................................................................................3

    B. ALM Labs Is Not Subject to Specific Jurisdiction in California Because Digisec Suffered No Harm in California ..................................................................................................4

    C. Mr. Biderman Is Not Subject to Specific Jurisdiction in California ..................................................................................................6

        1. The Same Analysis that Defeats Personal Jurisdiction over ALM Labs Applies with Equal Force to Mr. Biderman. ................................................................6

        2. The Related Lawsuit Does Not Provide a Basis for Personal Jurisdiction over Mr. Biderman. ..................................6

IV. CONCLUSION .......................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
  551 F.2d 784 (9th Cir. 1977)..................................................................2

*Bancroft & Masters v. Augusta Nat'l, Inc.*,
  223 F.3d 1082 (9th Cir. 2000)................................................................4

*Brand v. Menlove Dodge*,
  796 F.2d 1070 (9th Cir. 1986)................................................................4

*Chem Lab Prods., Inc. v. Stepanek*,
  554 F.2d 371 (9th Cir. 1977)..................................................................7

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993)..................................................................3

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*,
  557 F.2d 1280 (9th Cir. 1977).............................................................1, 2

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001)..................................................................2

*Fields v. Sedgwick Associated Risks, Ltd.*,
  796 F.2d 299 (9th Cir. 1986)..................................................................4

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements, Ltd.*,
  328 F.3d 1128 (9th Cir. 2003)................................................................1

*Kransco Mfg., Inc. v. Markwitz*,
  656 F.2d 1376 (9th Cir. 1981)................................................................7

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006)................................................................5

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)..................................................................5

*Sher v. Johnson*, ...............................................................................................
  911 F.2d 1357 (9th Cir. 1990)................................................................4

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# **TABLE OF AUTHORITIES (*cont'd*)**

**Cases**

*Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ........................................................................... 5

**Statutes**

CAL. CIV. PROC. CODE § 410.10 ................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Digisec is a Cypress company, with its principal place of business in Cypress. Digisec sues a Canadian citizen and a Canadian corporation that have never done business in California. No personal jurisdiction exists here because neither of these parties purposely directed activities at California (or the Central District) that had any jurisdictionally significant effect in California.

Digisec alleges that Defendants' allegedly used some websites (the "Disputed Websites") to refer visitors to the Ashley Madison website (the "Ashley Madison Site").

The Disputed Websites had no effect at all in California because there is no evidence that ***anyone*** (other than maybe Digisec's counsel) ever visited them from California. Personal jurisdiction is tested in the first instance by the allegations of the Complaint. But there is no allegation that the Defendants' alleged misdeeds resulted in the acquisition of even one additional customer anywhere in California who would otherwise have become a customer of Digisec. And in fact, the evidence demonstrates that not a single person anywhere in California ever "clicked through" the Disputed Websites to visit the Ashley Madison Site. The lack of a California "effect" mandates dismissal of the Affiliates for lack of personal jurisdiction.

## II.

## FACTS

### A. The Burdens of Persuasion and Production

In a Rule 12(b) Motion challenging personal jurisdiction, plaintiff bears the ultimate burden of persuasion. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements, Ltd.*, 328 F.3d 1128-29 (9th Cir. 2003). However, the Court is not restricted to the pleadings but may instead consider the parties' evidentiary showings. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The Court

must accept uncontroverted allegations in the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). On the other hand, to the extent defendant submits evidence disputing an allegation, the Court should disregard the allegation and resolve the motion on the basis of the evidentiary record. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (affirming a personal jurisdiction dismissal where plaintiff failed to substantiate its allegation that the allegedly wrongful sales occurred in the forum state).

In the end, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Data Disc*, 557 F.2d at 1285 n.2. Digisec cannot meet that burden.

### B. Factual Discussion

Digisec is a Cyprus company with its principal place of business in Cyprus. *Digisec Complaint*, ¶ 2. Its jurisdictional allegations are largely boilerplate. With no supporting facts whatsoever, Digisec simply alleges that ALM Labs, Inc., ("ALM Labs") has "systematic and continuous contacts with this District." *Digisec Complaint*, ¶ 13. Digisec also alleges that ALM Labs seeks and receives customers from this District and receives payments from customers in this District. *Id.* Finally, Digisec alleges that ALM Labs has "committed tortious acts that it knew or should have known would cause injury to Digisec in this District." *Id.*

Digisec alleges that California may assert jurisdiction over Mr. Biderman because he "exercises individual control over the other Defendant entities identified above, is the moving, active conscious force that caused all of the wrongful acts alleged in this Complaint to occur, and personally directed and caused Avid Life Media, Inc. and Avid Dating Life, Inc. to initiate the related lawsuit . . . in this District." *Digisec Complaint*, ¶ 15.

In fact, ALM Labs does not have "systematic and continuous contacts" with this District. To the contrary, it has no contacts with this District at all. ALM Labs is incorporated and headquartered in Canada, not California. *Rizwan Jiwan*

*Declaration ("Jiwan Decl.")* ¶ 3.  It has no offices in California, nor do any of its employees reside in California.  *Jiwan Decl.*, ¶ 3.  Indeed, ALM Labs does no business anywhere in the United States, much less in California.  *Jiwan Decl.*, ¶ 3.

Digisec properly makes no attempt at all to claim that Mr. Biderman is subject to general jurisdiction in California.  Mr. Biderman is a Canadian citizen who lives in Canada.  *Biderman Decl.*, ¶ 3.  He has done no business in California in his individual capacity.  *Id.* ¶ 4.  Although he did authorize the filing of the related lawsuit in this District, he did so in his capacity as an officer of Avid Life Media, Inc., and Avid Dating Life, Inc., not in his individual capacity.  *Id.* ¶ 6.

Digisec suffered no injury in California.  Indeed, the alleged wrongful acts caused no injury to Digisec anywhere in the United States.  During the time period when the Disputed Websites might have been viewed by the public, no one anywhere in the United States "clicked through" the Disputed Websites to the Ashley Madison Site.  *Jiwan Decl.*, ¶¶ 9-10.  Thus, in particular, no one in California clicked through from the Disputed Websites to the Ashley Madison Site.

At bottom, none of the alleged harm occurred in California.

### III.

### ANALYSIS

**A.     Neither Defendant Is Subject to General Jurisdiction in California.**

Personal jurisdiction is ordinarily a two-step analysis.  First, the Court must ascertain whether personal jurisdiction exists under state law.  Second, the Court must confirm that the exercise of personal jurisdiction comports with the requirements of due process.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  However, under California law personal jurisdiction extends to the full extent permitted by due process.  CAL. CIV. PROC. CODE § 410.10.  Thus, in this case both steps collapse to a single inquiry:  whether personal jurisdiction over defendants is consistent with due process.

Personal jurisdiction may be established via either general jurisdiction or specific jurisdiction. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). General jurisdiction exists when a defendant's contacts with the forum state are so substantial and pervasive as to approximate physical presence in the state. *Bancroft & Masters v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Because general personal jurisdiction permits a court to exercise jurisdiction over matters that are <u>unrelated to the defendant's forum activities</u>, the standard is "fairly high." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). And of course, it is black letter law that each defendant's contacts with the forum must be assessed separately. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) (holding that personal jurisdiction existed over a law partnership but not over any of the individual partners).

Digisec's halfhearted attempt to allege that ALM Labs is subject to general jurisdiction is wholly unavailing. ALM Labs does no business in California. It has neither offices nor employees here. Contrary to Digisec's allegation that ALM Labs has "systematic and continuous" contacts with California, in fact ALM Labs has no contacts at all. And Digisec has made no effort at all to claim that Mr. Biderman, a Canadian citizen who lives in Canada and has never done business in California in his individual capacity, is subject to general jurisdiction here. Neither ALM Labs nor Mr. Biderman is subject to general jurisdiction in California.

**B.     <u>ALM Labs Is Not Subject to Specific Jurisdiction in California Because Digisec Suffered No Harm in California.</u>**

The evidence submitted by ALM Labs refutes Digisec's allegations that ALM Labs (a) has systematic and continuous contact with California, or (b) has sought or obtained customers from California. Thus, the only remaining jurisdictional allegation is Digisec's claim that ALM Labs "has committed tortious acts that it knew or should have known would cause injury to Digisec in" California. *Digisec Complaint*, ¶ 13.

Digisec bears the burden of proving two separate elements to establish specific jurisdiction. First, the non-resident defendants (the Affiliates) must purposefully direct activities toward the forum or purposefully avail themselves of the privilege of conducting activities within the forum. Second, the claim must arise out of or relate to each Affiliate's forum-related activities. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If Digisec sustains the burden, the Affiliates would have the opportunity to prove that the exercise of jurisdiction is nonetheless unreasonable. *Id.*

Purposeful availment and purposeful direction are two different concepts. *Id.* Where, as here, a case sounds in tort rather than contract, the first prong is treated as "an 'effects' test that focuses on the forum in which the defendant's actions were felt." *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme*, 433 F.3d 1199, 12006 (9th Cir. 2006) (en banc). And in any event, ALM Labs, which has done no business in California and has no offices or employees in California, has not purposefully availed itself of the protection of California law.

Purposeful direction, in turn, is measured by a three-pronged test. The defendant must commit an intentional act, expressly aimed at the forum state, and cause harm, which is in fact suffered, and which defendant knows is likely to be suffered, in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (affirming a dismissal for lack of personal jurisdiction where plaintiff alleged that a foreign defendant registered and used an infringing domain name).

Here, there is neither express aiming at California nor harm felt in California. It bears emphasis that Digisec is located in Cyprus, not California, so harm at its headquarters is not felt in California, or anywhere else within the United States. ALM Labs does no business in California, or anywhere else in the United States, so it was not attempting to acquire California customers or in any other way expressly aiming any conduct at California (or anywhere else in the United States). And because no one within California, or anywhere else in the United States, clicked

through the Disputed Websites, no harm occurred in California or the United States. Thus, Digisec cannot prove either purposeful availment or purposeful direction, so ALM Labs is not subject to personal jurisdiction in California.

### C. Mr. Biderman Is Not Subject to Specific Jurisdiction in California.

Digisec relies on two separate allegations in its effort to establish personal jurisdiction over Mr. Biderman. First, it alleges that Mr. Biderman is personally responsible for the wrongdoing alleged in the Complaint. Second, Digisec alleges that Mr. Biderman "personally directed and caused" Avid Life Media, Inc., and Avid Dating Life, Inc., to file the related lawsuit against Digisec in this District. Neither allegation establishes personal jurisdiction over Mr. Biderman.

#### 1. The Same Analysis that Defeats Personal Jurisdiction over ALM Labs Applies with Equal Force to Mr. Biderman.

Digisec first alleges that Mr. Biderman is subject to personal jurisdiction because he is personally responsible for the alleged misconduct that supposedly caused harm to Digisec in California. But the same analysis discussed in connection with ALM Labs also defeats personal jurisdiction over Mr. Biderman. There was no express aiming at California (or anywhere else in the United States) because Digisec is located in Cyprus, and because no one in California or anywhere else in the United States clicked through the Disputed Websites to reach the Ashley Madison Site.

#### 2. The Related Lawsuit Does Not Provide a Basis for Personal Jurisdiction over Mr. Biderman.

The other basis asserted by Digisec is the contention that Mr. Biderman supposedly "personally directed and caused" the filing of the Related Lawsuit in this District. But that allegation is jurisdictionally *irrelevant* for two separate and independent reasons. First, Digisec's current claim does not arise out of or relate to the filing of the related lawsuit, so they fail to satisfy the second prong of the specific jurisdiction analysis. The related lawsuit complains that the so-called

"genuine Victoria Milan Site" is confusingly similar to the Ashley Madison Site. Neither the substance of that lawsuit nor the fact of its filing has anything to do with the Disputed Websites. In other words, the conflict over the Disputed Websites could have occurred whether or not a lawsuit had been filed regarding the content of the Victoria Milan Website.

Second, Mr. Biderman's actions in connection with the related lawsuit are not chargeable to him personally. The evidence demonstrates that Mr. Biderman authorized the lawsuit in his capacity as a corporate officer, ***not*** his individual capacity. Moreover, because he is not a party to the related lawsuit, the result of the lawsuit will not redound to his benefit, but to that of the plaintiff companies.

In the absence of wrongful conduct (and of course, the filing of a lawsuit is not wrongful conduct), "[a] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981) (quotation marks omitted). Thus, in *Chem Lab Prods., Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977), the Ninth Circuit concluded that a corporate president who authorized the delivery of a cease-and-desist letter into the forum did not thereby subject himself to personal jurisdiction. If the rule were otherwise, corporate officers would have a strong incentive to file corporate lawsuits on their "home turf," even when other considerations might suggest a different and more convenient forum.

This rule squarely applies to Mr. Biderman. His only forum-related contact, as alleged in the Complaint, is his decision, ***as a corporate officer***, to authorize the filing of a lawsuit in California. That decision should not and did not render him personally vulnerable to suit in California. Mr. Biderman is not subject to personal jurisdiction in California, and the claims against him should be dismissed on that basis.

## IV.

## **CONCLUSION**

For all of the foregoing reasons, ALM Labs and Mr. Biderman respectfully request that the Court dismiss all claims against them for lack of personal jurisdiction.

Dated: October 10, 2013   RAINES FELDMAN LLP


By: */s/ Miles J. Feldman*
MILES J. FELDMAN
LAITH D. MOSELY
NICOLE HALLE
Attorneys for Avid Life Media, Inc.,
Avid Dating Life, Inc. dba Ashley Madison,
ALM Labs, Inc., Cougar Life Inc.,